UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GOODMON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00517-JLT-CDB<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER<br><br>(Doc. 16)<br><br>Complaint Filed: March 20, 2024 |

# STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

THIS STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER is made between and among the parties to the above-captioned action on the date so indicated below.

WHEREAS, discovery, including but not limited to interrogatories, document requests, requests for admission and depositions, in the above-captioned action will involve Defendant United of Omaha Life Insurance Company's ("Defendant") production of information that is confidential, sensitive, proprietary, trade secret, commercial, financial and/or business information, and specifically, Defendant's internal Disability Claims Process Guidelines ("Guidelines"). These Guidelines are confidential, proprietary and used by Defendant in connection with its business, specifically the processing of disability claims. These materials are not available to the public, are not disseminated outside Defendant's offices, and are only provided to those employees, agents or third-party administrators who need access to the Guidelines in order to perform their duties for Defendant. Defendant contends that if these materials are not kept confidential, there is a substantial probability that Defendant would suffer prejudice to the extent that competitors would gain a competitive advantage if the contents of the materials are made public.

WHEREAS, the parties agree to the terms herein, and to stipulate to the entry of an Order concerning confidential and otherwise sensitive business or proprietary information, and to facilitate the preservation of such confidential material, the parties agree to adhere to the terms herein regardless of whether the Court enters this Stipulated Confidentiality Agreement and Protective Order ("Order") as an order of the Court.

WHEREAS, the Parties agree that once documents are labeled as Confidential, the documents are proprietary information and if released would damage Defendant competitively in the marketplace.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

## I. SCOPE

This Order includes in its scope any documents, electronically stored information, or other information produced, or disclosed in the above-captioned litigation ("Action"), whether pursuant to formal or informal discovery requests, correspondence, motions not filed with the court, by subpoena, or through testimony; including all documents and tangible things as defined in the Federal Rules of Civil Procedure, or any applicable local rules; and to all such information produced or disclosed by non-parties to this Action pursuant to subpoena and/or deposition notice ("Litigation Material"). "Action" shall also include any litigation, action, proceeding or supplemental proceeding in any jurisdiction brought to enforce any judgment entered in this Action or any settlement agreement among or between any of the parties hereto.

## II. CONFIDENTIAL INFORMATION

Each party or a non-party in its sole discretion may designate as "Confidential" under the terms of this Order any: (i) Litigation Material such party or non-party produces in this Action; or (ii) Litigation Material produced by any non-party consisting of information concerning one or more parties ("Confidential Information"). Litigation Material may be designated as "Confidential" before or after it has been produced or disclosed.

## III. DESIGNATION OF LITIGATION MATERIAL AS CONFIDENTIAL

a. Litigation Materials containing Confidential Information shall be so designated by marking the respective pages of the document and where appropriate, the entire document, with the legend "CONFIDENTIAL." The confidential designation language will appear on each applicable page. In the event a party produces Litigation Material that it deems to be Confidential Information without

designating it as such, the producing party may, by written notice delivered to the receiving party, designate the information Confidential and upon receipt of such notice, every receiving party shall mark the Litigation Material with the confidential designation language and shall treat it thereafter as Confidential and subject to this Order.

      b.    Documents made available for inspection in response to a request for production need not be marked with the confidential designation language prior to inspection.  However, the producing party following an inspection can mark those documents designated for copying that contain Confidential Information with the confidential designation language specified in subpart 4(a) above.

      c.    All portions of deposition transcripts shall be treated as Confidential Information if designated as such, either on the record or within ten (10) days after the final transcript has been made available to the parties by the court reporter, by counsel for any party hereto, or by counsel for any non-party testifying pursuant to subpoena.

      d.    The Confidential Information designation shall apply to any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information.  Any such material shall also be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

### IV.  CONTESTING CONFIDENTIAL DESIGNATION

Any Party who contests the designation of any Litigation Material as Confidential shall provide written notice to opposing counsel of their objection within thirty (30) days of receipt or notice of designation of the Litigation Materials as Confidential, and the parties shall use their best efforts to resolve any objection informally.  If the parties are unable to resolve their dispute, the Party who contests the designation of materials as Confidential can file an objection with the Court within (45) days of receipt or notice of designation of the Litigation Materials as

Confidential if written notice was provided within 30 days, and the matter shall be briefed according to local rules. In any challenge to the designation of the materials as Confidential, the burden of proof shall be on the Party seeking protection.

Designation of materials as Confidential shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

Prior to filing any motion related to this Stipulated Protective Order, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Eastern District Local Rule 251.

### V.   ACCESS TO CONFIDENTIAL INFORMATION

Counsel for the parties shall be governed by the following restrictions in their use of the Confidential Information produced to them and as to the information derived therefrom:

a. Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, Counsel for the parties may disclose such information to the Court and its employees, court reporters, independent expert witnesses or potential expert witnesses retained by Counsel for the parties, and such other persons as may be agreed upon by the parties in the future, said agreement to be in writing signed by Counsel for all parties.

b. Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read a copy of this Stipulation and sign an Agreement to Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"). Counsel for the parties shall maintain a copy of all Agreements signed by such persons and shall furnish copies to all other Counsel upon request. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply

therewith or fails to adhere to the terms thereof, Counsel for the requesting party shall make no further disclosure to such person and shall immediately notify Counsel for the producing party in writing.

    c.   Confidential Information may be copies and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Stipulation.

## VI. USE OF CONFIDENTIAL INFORMATION AT HEARINGS, TRIAL, AND DEPOSITIONS

The parties understand that they are not authorized to automatically file Confidential documents with the Court under seal. The parties shall comply with the provisions of Eastern District Local Rules 140 and 141 with respect to sealing or redaction requests.

In the event that any Confidential Information is used in any court proceeding prior to or at trial, it shall not lose its confidential status through such use.

## VII. REFERENCES IN OPEN COURT

Nothing in this Order limits the arguments of counsel or the use of certain documents at any court hearing or trial – such determinations will only be made by the Court at the hearing or trial, or upon appropriate motion.

## VIII. NOTICE OF UNAUTHORIZED DISCLOSURE

If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party who improperly disclosed the information must immediately inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the improperly disclosed information and prevent disclosure by each unauthorized person who received such information.

## IX. RESPONSE TO THIRD-PARTY DISCOVERY

In the event that any court requires the disclosure of Confidential Information, the party from whom disclosure is sought shall give immediate written notice to the

party that produced or designated the Litigation Material as Confidential to enable said party to take protective actions as it may deem necessary.  In the event a party believes that disclosure is otherwise required by law, it shall give at least 30 days written notice to the parties that produced or designated the Litigation Material as Confidential prior to disclosure.

## X.   RETURN OF CONFIDENTIAL INFORMATION

Within 30 days of the conclusion of this Action, the parties agree to return all Confidential Information (including electronically produced materials) and copies thereof to the producing party, or certify in writing that they have destroyed all Confidential Information (including electronically produced materials) and all copies thereof.  The provisions of this Order restricting communication, treatment and use of Confidential Information, shall continue to be binding after the termination of this Action.

## XI.   LEGAL ACTION AND REMEDIES

Counsel for the requesting party acknowledges it may be subject to sanctions for breach of this Confidentiality Agreement and agrees to reimburse the producing party for all reasonable attorneys' fees and costs incurred as a result of a successful action initiated by the producing party seeking sanctions for breach of this Confidentiality Stipulation.  Counsel for the requesting party also agrees to reimburse the producing party for all reasonable attorneys' fees and costs incurred as a result of any successful action initiated by the producing party to enforce this Confidentiality Stipulation.  Nothing in this Confidentiality Stipulation limits the producing party's right to pursue other legal or equitable remedies available to it resulting from a breach of this Confidentiality Stipulation.

## XII.  PURPOSE OF STIPULATION AND ORDER

This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process.  Nothing in this Order nor the

production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

### XIII. COURT RETAINS JURISDICTION

After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to confidential information produced pursuant to this Order for the purpose of enforcement of this Order, including any appropriate sanctions for violations.

### XIV. NON-TERMINATION OF ORDER

This Order shall remain in effect for the duration of the Litigation unless terminated by stipulation executed by Counsel of record for the parties or by order of the Court. The provisions of this Order, insofar as they restrict the communication, treatment and use of Confidential Information, shall continue to be binding after the termination of this action unless the Court orders otherwise.

### XV. MODIFICATION PERMITTED

Nothing in this Order shall prevent any Party from seeking modification of this Order.

### XVI. NON-WAIVER

Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper.

### XVII. COUNTERPARTS

This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

Dated:  October 2, 2024                    MAYNARD NEXSEN LLP

                                            By:   */s/ Karen T. Tsui*
                                                       MISTY A. MURRAY
                                                       KAREN T. TSUI
                                                       Attorneys for Defendant
                                                       United of Omaha Life Insurance Company


Dated:  October 2, 2024                    DONAHUE & HORROW, LLP

                                            By:   */s/ Nichole D. Podgurski* (as authorized on 10/1/24)
                                                       MICHAEL B. HORROW
                                                       NICHOLE D. PODGURSKI
                                                       Attorneys for Plaintiff
                                                       Rodney Goodmon

**GOOD CAUSE SHOWN, IT IS SO ORDERED.**

IT IS SO ORDERED.

Dated:  **October 2, 2024**                    _____
                                                                UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of ***Rodney Goodmon v. United of Omaha Life Insurance Co.,*** **Case No. 1:24-cv-00517-JLT-CDB**. I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Agreement and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____